# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDUARDO MARTIN TORRES, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:21-CV-167 |
| | § | |
| ACOSTA, INC., doing business as | § | |
| McDONALD'S, | § | |
|     Defendant. | § | PLAINTIFF DEMANDS A JURY TRIAL. |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes EDUARDO MARTIN TORRES, hereinafter referred to as the Plaintiff or as Mr. Torres, complaining of ACOSTA, INC., doing business as McDONALD'S, hereinafter referred to as the Defendant or as the Company, and, as and for his causes of action against said Defendant, Plaintiff would respectfully show this Honorable Court as follows:

## NATURE OF THE CASE

(1) This is a civil action brought under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Title VII), wherein the Plaintiff alleges that the Defendant discriminated against him because of his sex. Plaintiff also brings this civil action pursuant to the Americans With Disabilities Act (the ADA), as amended by the Americans With Disabilities Act Amendments (the ADAA), 42 U.S.C. § 12101, et seq., alleging that he was also discriminated against because of his association with certain disabled persons, namely his daughters.

## JURISDICTION

(2) This Court has jurisdiction of this civil action under the provisions of 28 U.S.C. § 1331.

## VENUE

(3)     Venue of this civil action is proper in the San Antonio Division of the Western District of Texas inasmuch as the alleged unlawful discriminatory acts of which the Plaintiff complains occurred in the Western District of Texas, San Antonio Division.

## PARTIES

(4)     The Plaintiff, EDUARDO MARTIN TORRES, is an individual citizen of the United States who resides in San Antonio, Bexar County, Texas. At all times material and relevant hereto, Mr. Torres was an "employee" of the Defendant, ACOSTA, INC., doing business as McDONALD'S, as that term is defined at 42 U.S.C. § 2000e(f) and at 42 U.S.C. § 12111. Mr. Torres is a male.

(5)     The Defendant, ACOSTA, INC., doing business as McDONALD'S, is a corporation organized under the laws of the State of Texas, is authorized to do business in the State of Texas, and, in fact, does business at several locations within the City of San Antonio and/or Bexar County. At all times material and relevant hereto, the Defendant was the Plaintiff's "employer," as that term is defined at 42 U.S.C. § 2000e(b) and at 42 U.S.C.§ 12111.

Said Defendant may be served with summons herein by delivering the same, together with a copy of this Complaint, to its registered agent, Richard Acosta, 5815 Callaghan Rd., #100, San Antonio, Texas 78228.

(6)     For purposes of applying the provisions of 42 U.S.C. § 1981a, Mr. Torres alleges that the Company, at all times material and relevant hereto, had more than 200 but fewer than 501 employees.

# FACTS

(7)     Mr. Torres was originally hired by the Company in January of 2016 by Kim Beard, a General Manager for the Company at the time, to work as a crew member at the Company's store on Perrin Beitel Road in San Antonio, Texas. At the time he was hired, Mr. Torres told Ms. Beard that he has custody of two (2) minor daughters with disabilities, and that it was necessary for him to work a set schedule so that he could provide the care and supervision that they require when not under the care or supervision of the day care center and/or school they attend during the week. Ms. Beard and Mr. Torres agreed that he would be assigned to work from 7:00 a.m. to 5:00 p.m. on Mondays, Tuesdays, Thursdays and Fridays.

(8)     In March or April of 2016, Mr. Torres was transferred to the Company's store located at 12203 Jones Maltsberger, in San Antonio, which was known as or referred to as the Starcrest store. He continued to work as a crew member from 7:00 a.m. to 5:00 p.m. on Mondays, Tuesdays, Thursdays and Fridays.

(9)     In the Spring of 2017, Mr. Torres was promoted to Crew Trainer, but continued to work at the Jones Maltsberger/Starcrest store, from 7:00 a.m. to 5:00 p.m. on Mondays, Tuesdays, Thursdays and Fridays. But, in consideration of his promotion, he agreed to work every other Saturday on an open schedule, starting at 6:00 or 7:00 a.m. and ending when his services were no longer required.

(10)    In the Spring of 2018, Mr. Torres was again promoted, this time to Manager at the Jones Maltsberger/Starcrest store. He continued to work Mondays, Tuesdays, Thursdays and Fridays, from 7:00 a.m. to 5:00 p.m., but, as a Manager, he was required to work every Saturday on an open schedule with no set start time or end time.

(11) In January of 2019, Mr. Torres was transferred to the Company's Broadway store in San Antonio, where he continued to work the same Monday, Tuesday, Thursday and Friday schedule, but was often required to work from 7:00 a.m. to 6:30 or 7:00 p.m.

(12) In late February or early March of 2019, Mr. Torres was transferred to the Company's Austin Highway store, where he remained until his employment ended on or about September 11, 2019. The General Manager at the time was Jose Cisneros, Blanca Cisneros' son. Gloria Ybarra, an existing Manager at the Austin Highway store, had been working a set schedule for years. However, unlike Mr. Torres, Ms. Ybarra's desire to work a set schedule was based on preference, not need.

(13) After his transfer to the Austin Highway store, Mr. Cisneros and Mr. Torres agreed that he would continue to work at the Austin Highway store from 7:00 a.m. to 5:00 p.m. on Mondays, Tuesdays, Thursdays and Fridays, and he agreed to continue working on Saturdays.

(14) Blanca Cisneros became the General Manager of the Austin Highway store in late August of 2019.

(15) Within the first 2 or 3 days after Ms. Cisneros' arrival at the Austin Highway store, she approached him while he was working, during an especially busy time, and asked him why it was that he worked a set schedule. Mr. Torres explained why, as best he could, considering that it was a particularly busy moment when Ms. Cisneros approached him.

(16) About a week later, Ms. Cisneros again approached Mr. Torres while he was working, and told him, "I'm going to change your shift." There was no discussion, and no meeting of the minds. The message from Ms. Cisneros was, "This is how it's going to be."

(17) On or about September 11, 2019, Mr. Torres went to the Company's Main Office

with the intention of speaking to someone there about Ms. Cisneros' unilateral decision to change his schedule, and to see if there was something else that could be worked out that would not require him to resign. He waited 1 ½ to 2 hours, but no one offered to speak to him, and he did not speak to anyone either while he was at the Main Office or afterward. Instead, someone at the Main Office presented him with a Voluntary Termination form, told him to fill it out and turn it in. He did, and left.

(18) Mr. Torres filed a charge of discrimination with the San Antonio Field Office of the U.S. Equal Employment Opportunity Commission (the EEOC) on January 2, 2020, naming McDonald's/Acosta Management as his employer, and alleging that he was discriminated against because of his sex, male.

(19) On June 24, 2020, Mr. Torres filed an amended charge of discrimination with the EEOC, naming McDonald's/The Acosta Organization, LLC, as his employer, and alleging that he was constructively discharged on September 11, 2019 because of his sex, male, and because of his association with certain disabled persons, namely his daughters.

(20) On August 11, 2020, Mr. Torres' employer, identifying itself as Acosta, Inc. d/b/a McDonald's, submitted a position statement to the EEOC in response to Mr. Torres' amended charge.

(21) On November 19, 2020, the EEOC issued a Dismissal and Notice of Rights to Mr. Torres, advising him of his right to file suit based upon his charge of discrimination within 90 days.

(22) All conditions precedent to the filing of this civil action and/or jurisdictional prerequisites for the filing of this civil action have occurred or have been satisfied.

## CAUSES OF ACTION

(23)     The Plaintiff, Mr. Torres, now sues the Defendant ACOSTA, INC. for violating Title VII of the Civil Rights Act of 1964, and seeks a judgment of this Court granting him all remedies to which he is entitled under Title VII, including reinstatement, back pay, front pay in lieu of reinstatement, compensatory damages, punitive damages, costs of court, and attorney's fees.

(24)     Mr. Torres also sues the Defendant for violating the ADA, and seeks a judgment of this Court granting him all remedies to which is entitled thereunder, including reinstatement, back pay, front pay in lieu of reinstatement, compensatory damages, punitive damages, costs of court, and attorney's fees.

## JURY DEMAND

(25)     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, EDUARDO MARTIN TORRES, respectfully prays that summons be duly issued and served upon the Defendant, ACOSTA, INC., doing business as McDONALD'S, and that, upon final hearing hereof, he shall have and recover judgment of and from said Defendant for the relief requested hereinabove, and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

   /s/ Glen D. Mangum
GLEN D. MANGUM
Texas State Bar No. 12903700

315 E. Euclid
San Antonio, Texas 78212-4709
Telephone No. (210) 227-3666
Telecopier No. (210) 595-8340
E-mail: gmangum@sbcglobal.net

**ATTORNEY FOR PLAINTIFF**
**EDUARDO MARTIN TORRES**